```
UNITED STATES DISTRICT COURT                    NOT FOR ELECTRONIC OR
EASTERN DISTRICT OF NEW YORK                    PRINT PUBLICATION
----------------------------------------------------------------x
MICHAEL FLEMING¹,
```

        Plaintiff,

                  **MEMORANDUM AND ORDER**
MICHAEL FLEMING on behalf of       08-CV-3074 (ARR)
AARON VIRGIL FLEMING
RAVEN BRITTNEY FLEMING
CYRUS ANDREA FLEMING
SARA ROSE FLEMING,

        Plaintiffs

         -v-

PAUL GROSVENOR, Judge; JOHN MATTINGLY,
Commissioner, Administration of Children's Services;
MTONYA FLECHER, Child Protective Specialist,
Administration for Children's Services; MICHELLE
MULLINS, ECS/Unit 576; HERNANDEZ, Police Officer;
LIAUTAUD, Police Officer; JOHN DOE, Agent,
Administration for Children's Services; JOHN DOE, Police
Officer; JOHN DOE, Police Officer; JOHN DOE, Agent,
Administration for Children's Services; JANE DOE, Agent,
Administration for Children's Services; JANE DOE, Agent,
Administration for Children's Services; NEW YORK CITY,

        Defendants.
----------------------------------------------------------------x
ROSS, United States District Judge:

    On July 28, 2008, *pro se* plaintiff Michael Fleming filed a complaint pursuant to, *inter alia*, 42 U.S.C. § 1983, a request for an Order to Show Cause why a Preliminary Injunction and Temporary Restraining Order should not be granted, and an affidavit in support of the motion for

---

¹ Michael Fleming's wife, Dominique Fleming, is named as a plaintiff in the body of the complaint, but has not signed the complaint or supporting documents. Therefore, the Court will consider Michael Fleming as the only plaintiff.

1

injunctive relief. By Order dated July 29, 2008, the Honorable Eric N. Vitaliano denied plaintiff's request for a temporary restraining order. Plaintiff has paid the requisite filing fee to bring this action. For the reasons discussed below, the complaint is dismissed in part, plaintiff is directed to file an amended complaint as set forth below, and plaintiff's application for a preliminary injunction is denied.

## BACKGROUND

Although unclear, it appears that plaintiff's cause of action stems from a child neglect or abuse proceeding brought against him and his wife by the Administration for Children's Services ("ACS"). According to the complaint, defendant Mtonya Flecher, a Child Protective Specialist for ACS, "filed a claim in court . . . without having any firsthand knowledge of any crime." Compl. at 10, ¶ 28. The complaint states that Mr. Fleming challenged the court's jurisdiction, but Judge Paul Grosvenor had Mr. Fleming removed from court by armed men, and the proceeding continued without Mr. Fleming being present. Compl. at 10, ¶¶ 31, 32. The complaint further states that during a proceeding held in Family Court on May 14, 2008, plaintiffs were forced to enter into a contract. Compl. at 11, ¶ 40. It is unclear what "contract" Mr. Fleming is referring to. Mr. Fleming further alleges that on July 16, 2008 and July 17, 2008, police officers and ACS agents demanded access and subsequently searched plaintiff's apartment without a warrant. Compl. at 11-12. Mr. Fleming states that his family fears ACS because in 1999, one of the children was held by ACS for 13 days. Compl. at 12-13, ¶ 53. Mr. Fleming also states that his family's rights have been violated and continue to be violated because they have been told by ACS several times that "their offspring would be taken if they [fail to comply with ACS' demands]." Compl. at 13, ¶ 62. The complaint seeks monetary damages, declaratory

relief allowing plaintiff and his family "to practice, follow, religious, covenant and convictions," and injunctive relief staying all decisions and orders issued in the Family Court proceeding. Compl. at 18.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Nevertheless, a *pro se* plaintiff is still required to comply with the relevant procedural and substantive rules of law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is baseless or the Court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-4 (2d Cir. 2000) (per curium); Fed. R. Civ. P. 12(h)(3). To that end, a complaint will be dismissed when it is clear that the Court lacks subject matter jurisdiction over the action. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

At the outset, the Court notes that plaintiff, as a non-attorney parent, has no standing to bring this claim on behalf of his children without representation by counsel. See Murphy v. Arlington Cent. School Dist. Bd. of Educ., 297 F.3d 195, 201 (2d Cir. 2002); Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (holding that the court has a duty to enforce the rule *sua sponte* where defendants had not raised the issue). The rule is primarily based on protection of the legal interests of the minor and the impropriety of a person who is not

3

a member of the bar representing another person in court proceedings. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."); Ellis v. McDonalds Corp., No. 05 CV 396, 2005 WL 2155547, at *1 (E.D.N.Y. Sept. 07, 2005). Accordingly, to the extent that plaintiff seeks to bring this action on behalf of his children, he may not do so and those claims are dismissed without prejudice.

Younger Abstention

To the extent plaintiff does not seek damages, the Younger abstention doctrine and its progeny prohibits this Court from exercising jurisdiction over this matter, which concerns an ongoing proceeding in Family Court. Younger and its progeny require federal courts to abstain from enjoining pending state judicial proceedings, in order to "allow state courts to resolve pending matters within their jurisdiction." Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("Younger v. Harris and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). Thus, where the Younger requirements are met, the appropriate remedy is dismissal of the federal case. Gibson v. Berryhill, 411 U.S. 564, 577 (1973). Although Younger involved a constitutional challenge to a pending state criminal proceeding, the doctrine has been extended

beyond the ambit of state criminal prosecutions to state civil proceedings and administrative proceedings." Washington, 373 F.3d at 318. Younger abstention is mandatory when: (1) there is an ongoing state proceeding; (2) an important state interest is involved ; and (3) the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding. Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003).

Here, each of the three conditions is satisfied. First, the state proceeding is ongoing. Second, disputes concerning custody rights over minors implicate important state interests. Questions of family relations, especially when issues of custody are involved, are traditionally an area of state concern. See Rohling v. State of New York, No. 04 CV 1083, 2004 WL 3623341, at *2 (N.D.N.Y. Nov. 15, 2004) (discussing cases where matters involving the custody over a child were deemed matters of state law). Third, plaintiff has not alleged that state courts could not afford him the opportunity for judicial review of his instant challenge. See Hansel v. Town Court for the Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995); Cogswell v. Rodriquez, 304 F. Supp. 2d 350, 357 (E.D.N.Y. 2004). Accordingly, this court must abstain from adjudicating plaintiff's claims concerning an ongoing Family Court proceeding.[2]

---

[2] The Court notes that to the extent plaintiff is challenging any final decisions by the family court, the Rooker-Feldman doctrine further precludes this Court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine–Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)–a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. In Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005), the Second Circuit set out four requirements of the Rooker-Feldman doctrine: (1) "the federal-court plaintiff must have lost in state court;" (2) "plaintiff must 'complain[] of injuries caused by [a] state-court judgment;'" (3) "plaintiff must 'invit[e] district court review and rejection of [that] judgment[];'" and (4) the "state-court judgment must have been 'rendered before the district court proceedings commenced.'" Id. at 85 (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). See also Phifer v.

Judicial Immunity

The Court further notes that to the extent that plaintiff seeks monetary damages or injunctive relief against Judge Paul Grosvenor, the claims cannot proceed. Judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9,11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994); see also Zuckerman, 421 F.2d at 626 n. 2 (42 U.S.C. § 1983 does not affect the established common law rule that a judge is immune from suit arising out of the exercise of her judicial power). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quotation omitted). In addition, the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c), bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999). As the alleged wrongdoings of Judge Grosvenor in this action were acts performed in his judicial capacity in connection with plaintiff's ongoing Family Court proceedings, plaintiff's claims against Judge Grosvenor are foreclosed by absolute immunity. Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as "frivolous" when it is clear that the defendants are immune.") (internal quotations omitted).

---

City of New York, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims directly attacking family court's decisions regarding custody, neglect, and visitation are barred by Rooker-Feldman).

Leave to Amend

To the extent plaintiff seeks damages, the Court directs plaintiff to file an amended complaint within thirty (30) days of the entry of this Order against the remaining defendants. A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). The amended complaint must clearly and concisely state, with respect to each remaining defendant, (1) what acts or omissions he or she is alleged to have committed, and (2) what federal statute or constitutional provision was violated by those acts or omissions. Plaintiff does not have a private cause of action to file claims pursuant to criminal statutes 18 U.S.C. §§ 241, 242. Leeke v. Timmerman, 454 U.S. 83, 86 (1981).

## CONCLUSION

Accordingly, the Court abstains from intervening in any ongoing Family Court proceeding pursuant to Younger and the complaint is dismissed against Judge Grosvenor. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-4 (2d Cir. 2000). The claims brought on behalf of plaintiff's children are dismissed without prejudice. In order for plaintiff to proceed with claims on behalf of his children, he must hire an attorney to represent the interests of his children in this case. Plaintiff's application for a preliminary injunction is denied. Plaintiff shall file an amended complaint within thirty (30) days from the entry of this Order against the remaining defendants. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
August 15, 2008

**SERVICE LIST**

***Pro se* Plaintiff**

**Michael Fleming**
257 Putnam Avenue
Brooklyn, NY 11216